WOOLLEN *v.* THE BOARD OF COMMISSIONERS OF JEFFERSON
COUNTY.

County treasurers were not, under the R. S. 1843, entitled to a per cent.
for paying out that part of the revenue collected on the tax-duplicate.

WOOLLEN
v.
THE BOARD OF
COMMISSION-
ERS OF JEFFER-
SON COUNTY.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—*Woollen,* the treasurer of *Jefferson* county, at his settlement with the commissioners of said county in 1851, charged two and a half per centum for disbursing that portion of the county revenue collected on the tax-duplicate, and claimed an allowance, by the commissioners, of said charge. They refused to allow it. *Woollen* appealed to the Circuit Court, where the decision of the commissioners was affirmed. *Woollen* appealed to this Court.

*Tuesday,
November 29.*

The controversy grows out of a difference in the construction given by *Woollen* and the commissioners respectively, to the statutory provisions fixing the compensation of county treasurers. Those provisions are in the R. S. of 1843.

Section 71, p. 221, enacts that "the fees to be allowed the county treasurer, for the collection of taxes, shall be eight per centum on the first one thousand dollars, seven per centum on any sum between one and two thousand dollars, six per centum on any sum between two and three thousand dollars, five per centum on any sum between three and four thousand dollars, four per centum on any sum between four and five thousand dollars, and three per centum on any sum over five thousand dollars, by him collected as aforesaid."

Section 90, on page 195 of the same statutes, provides that "each county treasurer" "shall be allowed for his services, two and one-half per centum on all moneys received, and a like per centum on all paid out," "excepting the receipt of that collected on the tax-duplicate, and excepting that which is paid out to the state as her reve-

Nov. Term, 1853.

WOOLLEN
v.
THE BOARD OF
COMMISSION-
ERS OF JEFFER-
SON COUNTY.

nue, and excepting that on which some other rate of compensation or fee for receiving or paying out, or both, is fixed by law."

Now, the question is, whether the exceptions in section 90 take the whole amount, both as to its collection and disbursement, of the moneys collected for the county upon the tax-duplicate, out of the operation of the main provision of said section, and place it, as to the entire compensation the treasurer is to receive for collecting, securing, and disbursing, under the operation of section 71 above quoted.

We do not consider it very clear upon the language of those sections, and, hence, must endeavor, if possible, to ascertain the intention of the legislature from other legitimate sources, to aid us in resolving the doubt left by their language.

We look in this case to subsequent and previous legislative action.

In 1852, the legislature had the subject before them, and enacted that the county treasurers' fees should be precisely those established in 1843 for collecting, and, as to disbursing, say explicitly, two and one-half per centum on " all other moneys other than tax and school fund," provided that amount would not raise the compensation of any given treasurer to over 1,000 dollars a year, that being the highest compensation allowed for one year's services.   R. S. 1852, vol. 1., p. 286.

In 1853, the legislature again considered and acted upon this question, and the only change they made touching the compensation of county treasurers was to strike out the proviso limiting the ultimate amount in all these cases to 1,000 dollars per annum.   Laws 1853, p. 67.

Since 1852, then, the legislature have left no doubt as to their intention that the county treasurers should not receive any compensation for securing and disbursing moneys collected on the tax-duplicate, but should rest satisfied with the average of from 4 to 5 per cent. which they are allowed for collecting; and no reason can be given why a different and higher compensation should

have been intended in 1843. And, looking backward to the laws on the subject prior to this latter date, we find that county treasurers were allowed but 3 per cent. for collecting, securing, and disbursing all the county revenue except that received on the sale of county lots, on which they were allowed nothing. R. S. of 1831, and of 1838, title, County Treasurer.

In view of this legislation, we can come to no other conclusion than that arrived at by the commissioners and the Circuit Court of *Jefferson* county, viz., that county treasurers were not, under the law of 1843, entitled to a per cent. for paying out that part of the county revenue collected on the tax-duplicate.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Marshall* and *W. M. Dunn*, for the appellant.

*J. Sullivan*, for the appellees.